UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| KIEARA R. CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00264-JMS-DLP |
| | ) | |
| CORIZON INC. in official and individual capacities, | ) ) | |
| KRISTA SEXTON-COX in official and individual capacities, | ) ) | |
| MICHAEL NATALIE in official and individual capacities, | ) ) | |
| THERESA STRAW (AULER) in official and individual capacities, | ) ) | |
| KEITH NELSON in official and individual capacities, | ) ) ) | |
| Defendants. | ) | |

**Order Denying Plaintiff's Motion for Judgment on the Pleadings,
Granting Defendants' Motion to Dismiss,
and Directing Entry of Final Judgment**

## I. Introduction

Plaintiff Kieara R. Carter, an Indiana Department of Correction inmate incarcerated at the Rockville Correctional Facility (RCF), filed this action on June 11, 2018, pursuant to 42 U.S.C. § 1983 asserting Eighth Amendment deliberate indifference to serious medical needs claims against medical providers at the RCF. Her complaint includes references to a state court lawsuit Ms. Carter pursued on the same issue – the treatment of a knee injury.

Defendants have timely appeared and prior to answering move to dismiss this action because Ms. Carter has already, or is presently, pursuing relief on her claims in state court in an action that had been pending for several years. Ms. Carter has not responded to the motion to dismiss, but seeks judgment on the pleadings on the belief that defendants have not timely

answered. For the reasons explained below, Ms. Carter's motion for judgment on the pleadings will be denied, and defendants' motion to dismiss will be granted.

## II. Plaintiff's Motion for Judgment on the Pleadings

Ms. Carter asserts that defendants had twenty-one days to answer her complaint, and because they did not, she is entitled to judgment on the pleadings. Defendants were served with process pursuant to Rule 4(d) of the Federal Rules of Civil Procedure and have sixty days to answer the complaint after the notice of lawsuit and request to waive service of summons is sent. Fed. R. Civ. P. 4(d)(1)(F). The notice and request for waiver was sent August 10, 2018. Dkt. 12. Counsel appeared for all defendants on August 16, 2018. Dkts. 13 & 14. Defendants therefore have until October 9, 2018, to answer.

A Rule 12(c) motion for judgment on the pleadings may be sought when the pleadings are closed. Because defendants have not answered, the pleadings have not closed. However, the Court construes Ms. Carter's motion as a motion for default judgment, and for the reasons expressed in the preceding paragraph, the motion, dkt. [19], is **denied**.

## III. Defendants' Motion to Dismiss

Defendants move to dismiss this action because Ms. Carter is already pursuing an action regarding the same issues against all of the defendants, except Corizon, Inc., in state court. They contend dismissal is warranted because they have been defending the case in Parke County Circuit Court, case number 61C01-1408-PL-000284, since August 18, 2014. Ms. Carter plead the existence of this action in her complaint filed in this Court. Ms. Carter has not responded to the motion to dismiss, and the time for doing so has passed.

Looking only to the pleadings, it is clear that Ms. Carter's instant action is duplicative in almost every respect to the action she is pursuing in Parke County Circuit Court with the exception

that she has added a new defendant, Corizon, Inc., to this action. Corizon, Inc., was the employer for the individual defendants and the contract provider of medical services to the Indiana Department of Correction. Thus the Court proceeds to the analysis framework established in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976), to assess whether this case should be stayed or dismissed because of the pending state court action.

The *Colorado River* doctrine provides that "a federal court may stay or dismiss a suit in exceptional circumstances when there is a concurrent state proceeding and the stay or dismissal would promote 'wise judicial administration.'" *Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698, 700 (7th Cir. 1992) (quoting *Colorado River*, 424 U.S. at 818). The Supreme Court "has cautioned that abstention is appropriate only in 'exceptional circumstances,' and has also emphasized that federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" *AXA Corporate Solutions v. Underwriters Reins. Corp.*, 347 F.3d 272, 278 (7th Cir. 2003) (quoting *Colorado River*, 424 U.S. at 813, 817). In determining whether to abstain or dismiss, the district court's task is "not to find some substantial reason for the exercise of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist exceptional circumstances, the clearest of justifications, that can suffice under *Colorado River* to justify the surrender of that jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25–26 (1983) (internal quotation marks omitted).

The *Colorado River* analysis has two steps. First, the Court "inquire[s] whether the concurrent state and federal proceedings are parallel." *Caminiti*, 962 F.2d at 700. If the proceedings are parallel, the court then weighs ten non-exclusive factors to determine whether abstention is proper. *Id*. at 701.

*Step One*

In the state court documents referenced by Ms. Carter in her complaint, she complains about medical malpractice and a refusal to treat her right knee injury in a proper manner. That is exactly the same thing she complains of in her instant complaint, adding Corizon, Inc., as a defendant as essentially the only difference.

State and federal proceedings need not be identical to be parallel. *See Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1288 (7th Cir. 1988) ("Interstate is correct in its assertion that differences exist. However, the requirement is of parallel suits, not identical suits."). Proceedings are parallel for *Colorado River* purposes "when substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Tyrer v. City of S. Beloit*, 456 F.3d 744, 752 (7th Cir. 2006) (internal quotation marks omitted). Put another way, "[t]he question is not whether the suits are formally symmetrical, but whether there is a substantial likelihood that the [state court] litigation will dispose of all claims presented in the federal case." *AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 518 (7th Cir. 2001) (internal quotation marks omitted). "[A]ny doubt regarding the parallel nature of the [state court] suit should be resolved in favor of exercising jurisdiction." *Id.* at 520. Applying these authorities, the Court has no trouble concluding that the state and federal actions brought by Ms. Carter are parallel.

This is true even with Ms. Carter's addition of Corizon, Inc., in this federal action. Settled law holds that state and federal suits are not rendered non-parallel by the inclusion in one suit of a party not present in the other. *See AAR Int'l, Inc.*, 250 F.3d at 518 ("the mere presence of additional parties . . . in one of the cases will not necessarily preclude a finding that they are parallel"); *Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691, 695 (7th Cir. 1985). "If the rule were otherwise, the *Colorado River* doctrine could be entirely avoided by the simple expedient of naming

4

additional parties. . . . [I]ts impact cannot be obliterated by the stroke of a pen." *Lumen Constr., Inc.*, 780 F.2d at 695.

### *Step Two*

The second step in the *Colorado River* analysis requires examining and balancing the following ten non-exclusive factors:

> 1) whether the state has assumed jurisdiction over property; 2) the inconvenience of the federal forum; 3) the desirability of avoiding piecemeal litigation; 4) the order in which jurisdiction was obtained by the concurrent forums; 5) the source of governing law, state or federal; 6) the adequacy of state-court action to protect the federal plaintiff's rights; 7) the relative progress of state and federal proceedings; 8) the presence or absence of concurrent jurisdiction; 9) the availability of removal; and 10) the vexatious or contrived nature of the federal claim.

*Tyrer*, 456 F.3d at 754 (quoting *Caminiti*, 962 F.2d at 701). "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." *Colorado River*, 424 U.S. at 818–19.

The first factor is not applicable. The second factor weighs against staying or dismissing the case as this forum is not inconvenient to the parties. The third factor weighs against Ms. Carter because her claims are almost identical and asking different courts to provide relief, at perhaps different times, would result in piecemeal litigation. The fourth factor weighs heavily against Ms. Carter, as her state litigation has been ongoing for more than four years, and the state court has had jurisdiction of the defendants the entire time. The fifth factor weighs against Ms. Carter, as her medical malpractice claim is one of state law and is being heard by a state court. The state court may also consider Ms. Carter's deliberate indifference claim, the only federal law claim, as it is likely inextricably intertwined with the medical malpractice claim. The sixth factor is neutral, as this Court has no reason to believe that the state court could not protect Ms. Carter's federal

rights. The seventh factor weighs heavily against Ms. Carter because the state case has been ongoing at least four years and should have substantial progress. *See Lumen Constr., Inc.*, 780 F.3d at 697 (holding that staying or dismissal was favored where state action was filed five *months* before federal action). Ms. Carter also refers to a state court appellate case in her complaint, indicating that the litigation has at least been to the Indiana appeals at some point in the litigation. The eighth factor weighs against Ms. Carter, as there is no issue presented in her complaint that the state court did not have jurisdiction to hear. The ninth factor is irrelevant at this point, as after four years of litigation in the state courts, removal to federal court is no longer an option. Finally, as to the tenth factor, calling for the Court to consider the possible vexatious or contrived nature of the federal action, the Court sees no contrived nature of the federal claims.

However, it appears Ms. Carter is attempting to re-litigate her claims in federal court because she is not happy with the developments in the state proceeding. She attempted to add the state court judge to this action, asserting the judge had a hearing without her and ruled against her on motions. That Ms. Carter may be bringing this action to re-litigate her case in another forum weighs heavily for staying or dismissing.

Weighing these ten factors, the Court concludes that the factors overwhelmingly support staying or dismissing this action.

Ordinarily, when *Colorado River* is applied and requires a pause in the federal litigation, a stay of proceeds pending the outcome of the state proceedings is the appropriate remedy. However, defendants seek the dismissal of this action due to the factors discussed above. Chief among those factors, in the Court's view, is that the state action has been pending four years and is likely near concluding. There is no clear guidance for a district court to follow in deciding whether to dismiss the case or stay it, but clearly dismissal is occasionally warranted. In some cases the Supreme

6

Court has held that dismissal rather than staying the action is the most appropriate course.[1] *See Arizona v. San Carlos Apache Tribe of Arizona*, 463 U.S. 545 (1983) (dismissal upheld under *Colorado River* analysis); *Moses H. Cone Memorial Hosp. v. Mercury Constr. Co.*, 460 U.S. 1 (1983) (holding that district court abused its discretion in staying action, and should have dismissed, under *Colorado River*.) This Court concludes that under the *Colorado River* factors, and the specific circumstances of this case which the Court has addressed above, dismissal rather than abstention is the appropriate remedy.

## IV. Conclusion

For the reasons set forth above, plaintiff's motion for judgment on the pleadings, dkt. [19], is **denied**. Defendants' unopposed motion to dismiss, dkt. [15], is **granted**. This action is **dismissed** without prejudice. Judgment consistent with this Order shall now enter.

**IT IS SO ORDERED**.

Date: 9/28/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Kieara R. Carter
921252
Rockville Correctional Facility
811 West 50 North
Rockville, IN 47872

Electronically Registered Counsel

---

[1] The Court also notes that the record reveals that the events that give rise to Ms. Carter's complaint occurred in 2014 at the latest, potentially implicating the statute of limitations.